Jennifer E. NELMS, Respondent,

v.

Paul S. McNEILL, Jr., Director
Missouri Department of
Revenue, Appellant.

No. 50907.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 1986.

Richard L. Wieler, Atty. Gen., Jefferson City, for appellant.

Edward A. Stierberger, Private Atty., Union, for respondent.

REINHARD, Judge.

The Director of the Department of Revenue (hereinafter Director) appeals from a

judgment ordering him to reinstate the respondent's (hereinafter motorist) driving privileges. We reverse and remand.

Motorist, arrested for operating a motor vehicle while intoxicated, consented to a breathalyzer test to determine the percentage of alcohol in her blood. The test results indicated an alcohol concentration in her blood of .147% by weight. The Director suspended motorist's license and upon her request a hearing was conducted to review the suspension. The suspension was sustained. Motorist's subsequent petition for trial de novo was granted by the circuit court. At trial, the Director presented only one witness, the arresting officer.

Officer Sharp of the Union Police Department testified that on March 24, 1985, he observed motorist's vehicle cross the center line of Highway 50, then veer towards and drive on the shoulder of the road. Upon stopping motorist, the officer noticed that her eyes were bloodshot and her breath exhibited a moderate odor of alcohol. Motorist admitted drinking two beers and one Tom Collins. The officer conducted several field sobriety tests and testified that motorist required two attempts to recite the alphabet and lost her balance performing the swing leg test. The officer then arrested motorist for driving while intoxicated pursuant to § 577.-010, RSMo Cum.Supp.1984, and for failure to keep to the right half of the roadway. The parties stipulated at trial that the breathalyzer test results indicated motorist's blood contained .147% alcohol content by weight.

The Director made an offer of proof that the officer would testify that at the moment of arrest he believed motorist was intoxicated but could not pinpoint the precise level of alcohol in her blood. The court denied this offer of proof believing the Director could only suspend the motorist's license if the arresting officer had probable cause to believe the motorist's blood alcohol concentration at the time of arrest would test out at .13% or more by weight.

At the end of the Director's case the court sustained motorist's motion for a directed verdict and entered an order enjoining the Director from enforcing the suspension of motorist's operating license and ordering its reinstatement.

The Director's sole point on appeal is as follows:

The trial court erred and abused its discretion in holding that Mo.Rev.Stat. § 302.505.1 (Supp.1984), required appellant to prove upon trial de novo that the officer who arrested respondent for driving while intoxicated had done so upon probable cause to believe that respondent's blood alcohol concentration at the time of arrest would test out at .13 percent or more by weight, since said statute only requires appellant to prove: (1) that the arresting officer had probable cause to effect the initial arrest and (2) that the chemical analysis revealed that respondent had a blood alcohol concentration of .13 percent or more by weight.

Motorist's response to this point is as follows:

The trial court did not err, nor did it abuse it[s] discretion in entering an order permanently enjoining the appellant from enforcing its suspension and the court properly interpreted Section 302.505.1 Revised Statutes of Missouri (Supp.1984), in that the language of said section requires the officer who arrested the respondent to have probable cause to belie[ve] that the respondent was intoxicated such that the blood alcohol concentration would equal .13 percent or above. The officer testified that he had made no such determination and did not form the belief that respondent would have blood alcohol content equal to .13 percent or above as directed by said statute.

The trial court clearly erred in light of the Supreme Court's decision in *Collins v. The Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985). Judge Gunn, speaking for the court in *Collins*, stated as follows:

We interpret § 302.505.1 as requiring that a suspect first be arrested upon probable cause to believe that he or she is driving in violation of § 577.010 or

577.012 [driving while intoxicated or driving with excessive blood alcohol content]. Once arrested, if the suspect submits to a chemical analysis and the results of such test indicate that the arrestee possesses a blood alcohol concentration of at least .13 percent, he or she is subject to suspension of driving privileges. The Department of Revenue is then required to determine, upon a preponderance of the evidence, based on the officer's verified report and the breathalyzer test results, whether the defendant had been driving while his or her blood alcohol concentration was at least .13 percent.

*Id.* at 252.

Under *Collins* the evidence on probable cause should have been admitted, and if admitted, would have made a submissible case.

Case reversed and remanded for a new trial.

DOWD, P.J., and CRIST, J., concur.