Sherman SAULS, Appellant,

v.

MONTGOMERY COUNTY and Guy Williams, individually and in his official capacity as Sheriff of Montgomery County, Appellees.

No. 09–98–175 CV.

Court of Appeals of Texas,
Beaumont.

.Submitted Nov. 4, 1999.

Decided May 18, 2000.

Martin A. Shellist, Shellist, Lore & Lazarz, P.C., Houston, for appellant.

Frank Bass, County Atty., David Walker, Steve McKeithen, Asst. County Attys., Conroe, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Appellant Sherman Sauls ("Sauls") brings this appeal from a summary judgment granted in favor of appellees Montgomery County and Guy Williams, individually and in his official capacity as Sheriff of Montgomery County.[1]

In his suit against the appellees, Sauls contended he was wrongfully terminated from employment with the Montgomery County Sheriff's Department. He alleged violations of the Texas Commission on Human Rights Act ("TCHRA"), as codified in the Texas Labor Code.[2] Sauls also claimed that appellees "engaged in a pattern and practice of discriminatory conduct against [him] with respect to the terms, conditions, and privileges of his employment with [the Sheriff's Department] because he is black." He further alleged that appellees retaliated against him for "opposing the race-based discrimination." Such conduct, according to Sauls, amounted to intentional emotional distress. Sauls additionally alleged violations of his Fourteenth Amendment rights to due process and of 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

Appellees filed a motion for summary judgment and memorandum of law as a single instrument. In their motion for summary judgment, appellees set forth three grounds and then urged three additional grounds in their memorandum. We consider five of the six arguments as having been before the trial court.[3] They are as follows: (1)Williams is entitled to official immunity; (2)Montgomery County has

sovereign immunity that has not been waived and immunity based on William's official immunity; (3)governmental units are not liable for intentional torts of their employees; (4)Sauls lacked standing to bring suit under TCHRA;[4] and (5)Montgomery County has not given Sauls permission to sue under 42 U.S.C. § 1983, and without such permission, a § 1983 civil rights claim may not be filed in a state court and should be dismissed. Without specifying the grounds relied upon, the trial court granted appellees' motion for summary judgment.

On appeal, Sauls argues: (1) the trial court erred in granting summary judgment against Sauls by holding he was not an "employee" under TCHRA; (2) the legislature waived the governmental immunity of Montgomery County and Sheriff Williams under the TCHRA; and (3) the trial court erred in granting summary judgment against Sauls by holding Montgomery County is immune from suits arising under 42 U.S.C. § 1983. Sauls did not include a general issue attacking the summary judgment. *See Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

In reviewing a summary judgment in which the trial court has not provided the basis for its decision, we must review each ground asserted in the motion and affirm the trial court's judgment if any of these grounds is meritorious. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79–80 (Tex.1989). The ap-

---

1. Although the Montgomery County Sheriff's Department was included in appellant's original petition, his last "live" petition omits the department, but retains both Montgomery County and Guy Williams. The summary judgment order grants summary judgment in favor of Montgomery County and Guy Williams.

2. The current version of the Texas Commission on Human Rights Act is located at Tex. Lab.Code Ann. §§ 21.001–.556 (Vernon 1996 & Supp.2000).

3. The sixth ground—that the Montgomery County Sheriff's Department was an agency of Montgomery County and, as such, was not susceptible to suit under § 1983—was no longer before the trial court at the time of summary judgment as Sauls omitted the Department as a party in his last petition.

4. The Texas Commission on Human Rights filed an *amicus curiae* brief in which it argued that Sauls was an employee under the TCHRA and had standing to sue under the Act.

pellant is required to specifically attack "each possible ·basis for summary judgment to avoid a waiver of those grounds," unless appellant included a general issue complaining of summary judgment. *Warner v. Orange County,* 984 S.W.2d 357, 358 (Tex.App.—Beaumont 1999, no pet.)(citing *Parrish v. Brooks,.* 856 S.W.2d 522, 527 (Tex.App.—Texarkana 1993, writ denied). "If summary judgment may have been granted, properly or improperly, on a ground not challenged, the summary judgment must be affirmed." *Warner,* 984 S.W.2d at 358 (citing *Holloway v. Starnes,* 840 S.W.2d 14, 23 (Tex.App.—Dallas 1992, writ denied)).

■■■ The standards for review of summary judgments are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be drawn in favor of the non-movant and any doubts resolved in its favor. *See Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When the movant relies on an affirmative defense, such as immunity, the summary judgment evidence must establish each element of the defense as a matter of law. *See Johnson & Johnson Medical, Inc. v. Sanchez,* 924 S.W.2d 925, 927 (Tex.1996).

We now review each of the summary judgment grounds asserted by appellees to determine if any are meritorious.

■■■ Although appellees asserted in their motion for summary judgment that Sauls lacked standing to bring suit under TCHRA, they concede this point on appeal, and we need consider it no further. However, we note that appellees now argue that Sauls's standing is irrelevant, as

there is no express waiver of sovereign immunity in the Labor Code nor any waiver of immunity for intentional torts of a governmental unit's officer or employee under the Texas Tort Claims Act. Since appellees' "irrelevancy of standing" argument was not before the trial court, we need not review it for merit. Their immunity arguments, which were before the trial court, are considered below.

Appellees specifically presented three immunity arguments in support of their motion for summary judgment—one as to Williams, and two as to Montgomery County.[5] As to Williams, they contended he is entitled to official immunity. As to Montgomery County, they contended: (a) it has sovereign immunity that has not been waived, as well as (b) immunity based on Williams's official immunity. We note that Williams was sued individually and in his official capacity as sheriff.

■■■ First, we consider whether Montgomery County has sovereign immunity that has not been waived. "Under the doctrine of sovereign immunity, the State is not liable for the negligence of its employees absent constitutional or statutory provision for liability." *University of Texas Medical Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex.1994)(citing *Lowe v. Texas Tech University,* 540 S.W.2d 297, 298 (Tex.1976)). Also, it is well settled in Texas that sovereign immunity extends to the State's political subdivisions, protecting them as well from liability for torts of their officers or agents unless a constitutional or statutory provision creates such liability. *See State v. Terrell,* 588 S.W.2d 784, 785 (Tex.1979); *Wade v. Jackson County,* 547 S.W.2d 371, 373 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.)(citing *Heigel v. Wichita County,* 84 Tex. 392, 19 S.W. 562 (1892)). Since Montgomery County is a political subdivision of the State, it is immune from suit, absent a constitutional or statutory waiver of immunity. *See Munoz on Behalf of Martinez*

5. Appellees indirectly made another immunity argument as to Montgomery County regard-ing Sauls's § 1983 claims; that argument will be discussed separately below.

*v. Cameron County,* 725 S.W.2d 319, 320 (Tex.App.—Corpus Christi 1986, no writ).

Sauls contends that both the county's immunity and Williams's immunity as an elected official have been waived by the TCHRA.[6] Though several cases against governmental entities have been decided under the Act,[7] neither Sauls nor appellees cite any case that has considered whether the TCHRA waives such immunities, and we have found none. Thus, to determine if waiver has occurred, we review the statute itself in light of the three principles established by the Texas Supreme Court.

First, the waiver of governmental immunity is a matter addressed to the Legislature. Second, for the Legislature to waive sovereign immunity, it must do so by clear and unambiguous language. Finally, in accordance with section 311.023 of the Code Construction Act, we must construe the waiver provisions of the [statute] to give effect to the object sought to be attained by the statute.

*York,* 871 S.W.2d at 177 (citations omitted).

The TCHRA was enacted by the Texas Legislature in 1993. Act of May 12, 1993, 73rd Leg., R.S. ch. 269, § 1, 1993 Tex. Gen. Law 987. Among its objectives are:

(1) providing for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments;

(2) securing for persons in this state, including persons with disabilities, freedom from discrimination in certain employment transactions, in order to protect their personal dignity;

(3) make available to the state the full productive capacities of persons in this state;

(4) promote the interests, rights, and privileges of persons in this state.

*See* TEX. LAB.CODE ANN. § 21.001. The Act prohibits discrimination by an employer on the basis of "race, color, disability, religion, sex, national origin, or age." TEX. LAB. CODE ANN. § 21.051. Thus, as observed by the San Antonio court of appeals, "[t]he act essentially codified federal employment law." *Perez v. Living Centers–Devcon, Inc.,* 963 S.W.2d 870, 872 (Tex.App.—San Antonio 1998, writ denied).

Certain of the Act's definitions aid us in determining whether it waives sovereign immunity. An "employee" is "an individual employed by an employer, including an individual subject to the civil service laws of this state or a political subdivision of this state, except that the term does not include an individual elected to public office in this state or a political subdivision of this state." TEX. LAB.CODE ANN. § 21.002(7). Under this definition, Sauls, who was terminated from his job with the Montgomery County Sheriff's Department, is an "employee." Further, "employer" includes: (1) "an individual elected to public office in this state or a political subdivi-

---

**6.** "[A] suit against a government employee in his official capacity is distinctly different from a suit against him in his individual capacity. In suing an employee in his official capacity, a plaintiff seeks, in effect, to impose liability on the governmental unit the employee represents, rather than on the employee himself. *Smith v. Davis,* 999 S.W.2d 409, 416 (Tex.App.—Dallas 1999)(citing *Harris County v. Walsweer,* 930 S.W.2d 659, 665 (Tex.App.—Houston [1st Dist.] 1996, writ denied)). Further, "the plaintiff must look to the governmental unit to recover on any judgment rendered against the employee in his official capacity." *Smith,* 999 S.W.2d at 416 (citing *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Walsweer,* 930 S.W.2d at 665). Thus, "official capacity" suits are simply another way of pleading an action against the government, provided the government has notice and an opportunity to respond. *Smith,* 999 S.W.2d at 416.

**7.** Among the cases in which causes of actions were brought against governmental entities or state agencies under the TCHRA are the following: *Thompson v. City of Austin,* 979 S.W.2d 676 (Tex.App.—Austin 1998, no pet.); *Passons v. Univ. of Tex. at Austin,* 969 S.W.2d 560 (Tex.App.—Austin 1998, no pet.); and *Guerrero v. Refugio County,* 946 S.W.2d 558 (Tex.App.—Corpus Christi 1997, no writ).

sion of this state"; and (2) "a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed." TEX. LAB.CODE ANN. § 21.002(8)(C)(D). Also, "political subdivision" is "a county or municipality." TEX. LAB.CODE ANN. § 21.002(12). Thus, not only is Montgomery County an "employer" under the plain language of the statute, but Williams is an "employer" as well because, as Sheriff of Montgomery County, he is "an individual elected to public office" of "a political subdivision of this state."

In addition to the above definitions, other of the Act's provisions aid us in determining whether it waives sovereign immunity. The right to bring suit is established in section 21.254, which provides: "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." TEX. LAB.CODE ANN. § 21.254. "Respondent" is defined as " the person charged in a complaint filed under this chapter and may include an *employer.* ..." TEX. LAB.CODE ANN. § 21.002(13) (emphasis added). "Respondent," thus, includes Montgomery County and Williams, as both are "employers" as defined by the Act. Hence, the language of the Act allows for suits to be brought against governmental entities such as Montgomery County and against elected officials such as Williams. Further, the Act allows for courts to award both compensatory and punitive damages, except that punitive damages may not be recovered from a governmental entity. TEX. LAB.CODE ANN. § 21.2585. This exception would not be necessary if the Legislature did not intend for governmental entities to be sued under the Act. Moreover, we do not presume the Legislature included language without a purpose. *University of Texas Medical Branch at Galveston v.*

*Hohman,* 6 S.W.3d 767, 776 (Tex.App.— Houston [1st Dist.] 1999, pet. filed) (citing *Chastain v. Koonce,* 700 S.W.2d 579, 582 (Tex.1985)("Language in a statute is presumed to be selected and used with care, and every word or phrase in a statute is presumed to be intentionally used with a meaning and purpose.")

Thus, construing the above provisions to give effect to the stated general purposes of the Act, we find the Legislature has, in clear and unambiguous language, waived sovereign immunity against elected public officials and governmental entities defined by the act to be employers, and, further find appellees' argument that Montgomery County has sovereign immunity that has not been waived to be without merit.

Next, we consider appellees' contention that Williams is entitled to the common law defense of official immunity. However, Sauls asserts on appeal that by enacting the TCHRA, and, thus, "allowing suit against counties and elected officials, the Legislature clearly and unambiguously waived the *governmental immunity* of Montgomery County and Sheriff Williams." (Emphasis added.) At least one court of appeals has concluded that both sovereign immunity and official immunity are types of "governmental immunity" even though they are "two distinct doctrines aimed at serving different policies." *Cameron County v. Carrillo,* 7 S.W.3d 706, 709 (Tex.App.—Corpus Christi 1999, no pet.). As explained by the Texas Supreme Court, official immunity, "protects government officers from *personal liability* in performing discretionary duties in good faith within the scope of their authority." *Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994) (citations omitted) (emphasis added).[8] The *Kassen* Court fur-

---

8. The *Kassen* Court also stated that a plaintiff's claim against the government based on the state's waiver of sovereign immunity is not affected by whether a government employee has official immunity. *Id.* (citing TEX. CIV. PRAC. & REM.CODE ANN. §§ 104.008,

108.002, 108.003; *Washington v. City of Houston,* 874 S.W.2d 791, 796 (Tex.App.— Texarkana 1994, no writ)). Moreover, "the purpose of official immunity is to insulate the functioning of government from the harassment of litigation, not to protect erring offi-

ther distinguished "official immunity" from "sovereign immunity." While official immunity protects individual officials from liability, sovereign immunity protects governmental entities. *Id.* In his brief, Sauls does not analyze or define "governmental immunity" to include "official immunity" but argues only that Williams is not entitled to immunity because of the waivers of immunity contained in the TCHRA. As explained above, the TCHRA allows suit against Williams in his capacity as sheriff, but does not address or waive his official immunity, i.e., his common law immunity against personal liability. Inasmuch as summary judgment may have been granted for Williams, individually, on the ground of official immunity—a ground not specifically challenged by Sauls—we find summary judgment to be proper for Williams, individually. *See Warner* 984 S.W.2d at 358.

Further, as to Williams's personal liability, if any, under Sauls's § 1983 claims, we note that both in their motion for summary judgment and appellate brief, appellees urge that Williams is entitled to "official immunity." Confusion has resulted from the use of the terms "qualified" and "official immunity," with some courts using them interchangeably. *See, e.g., Travis v. City of Mesquite*, 830 S.W.2d 94, 100 n. 2 (Tex.1992)(Cornyn, J. concurring). However, "recent cases discussing immunity defenses against both state and federal claims use the terms separately to distinguish between the standards for federal (qualified) and state (official) immunity tests." *State v. Saenz*, 967 S.W.2d 910, 917, n. 2 (Tex.App.—Corpus Christi 1998, writ denied)(citing *Emerson v. Borland*, 927 S.W.2d 709, 719, 721 (Tex.App.—Austin 1996, writ denied); *Rhodes v. Torres*, 901 S.W.2d 794, 797–98 (Tex.App.—Houston [14th Dist.] 1995, no writ)). Here, appellees specifically use the term "official immunity" in their pleadings. Therefore,

in view of the confusion regarding the terms, "official immunity" and "qualified immunity," it is not clear from the record that appellees presented the affirmative defense of "qualified immunity" to the trial court as a ground relating to Sauls's § 1983 claim in their motion for summary judgment. Thus, we do not consider the merit of "qualified immunity" as a ground for summary judgment in favor of Williams, individually. In a summary judgment proceeding, all reasonable inferences must be drawn in favor of the non-movant (here, Sauls) and any doubts resolved in his favor. *See Nixon*, 690 S.W.2d at 548–49.

Next, as to appellees' specific immunity claims, we consider their assertion that Montgomery County has immunity based on Williams's official immunity. We have previously determined summary judgment to be proper for Williams, individually, on the ground of official immunity, inasmuch as Sauls did not specifically contest that ground. However, Williams's official immunity does not extend immunity to Montgomery County.

■ Relying on *Harris County v. DeWitt*, 880 S.W.2d 99 (Tex.App.—Houston [14th Dist.] 1994), appellees argue a governmental entity cannot be held liable when an employee enjoys official immunity. If Sauls's claims had been brought under the Texas Tort Claims Act, appellees' reliance on the Fourteenth Court of Appeals decision, which was affirmed by the Texas Supreme Court in *DeWitt v. Harris County*, 904 S.W.2d 650 (Tex.1995), would be appropriate. As explained by the Supreme Court, "[w]hether the Texas Tort Claims Act waives sovereign immunity in a given case does not affect whether the governmental employee may assert official immunity as a defense. TEX. CIV. PRAC. & REM.CODE ANN. § 101.026; *Kassen*, 887 S.W.2d at 8. On the other hand, whether the governmental employee is entitled

cials." *Kassen*, 887 S.W.2d at 8 (citing *Westfall v. Erwin*, 484 U.S. 292, 295, 108 S.Ct.

580, 583, 98 L.Ed.2d 619 (1988)).

to official immunity may affect whether the Texas Tort Claims Act's limited waiver of sovereign immunity is applicable." *DeWitt*, 904 S.W.2d at 653. The *DeWitt* Court determined that specific provisions of the Texas Tort Claims Act allow a governmental entity to retain its sovereign immunity if the employee has official immunity. *Id.* at 653–54 (construing TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021(1),(2)(Vernon 1998)). Here, however, Sauls brings his complaints under the TCHRA, which does not contain similar provisions benefitting a governmental entity when its employee has official immunity. *See* TEX. LAB.CODE ANN. §§ 21.001–.556 (Vernon 1996 & Supp.2000). Thus, we find appellees' assertion that Montgomery County has immunity based on Williams's official immunity to be without merit.

 As another ground in their motion for summary judgment, appellees urged: (1) Montgomery County did not give Sauls permission to sue under 42 U.S.C. § 1983; (2) without such permission, a § 1983 civil rights claim may not be filed in state court; and, therefore, Sauls's complaint should be dismissed. This argument, which implies the county has sovereign immunity against § 1983 claims, is also without merit. As the Texas Supreme Court has explained, "a state court c[an] not refuse to entertain a section 1983 claim on the ground that it [is] barred by the defense of sovereign immunity." *Thomas v. Allen*, 837 S.W.2d 631, 632 (Tex.1992)(citing *Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)). Further, under § 1983, local government units may be held liable for the deprivation of federal constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Williams v. Conroe Independent School Dist.*, 809 S.W.2d 954, 958 (Tex.App.—Beaumont 1991, no writ). An exception to liability exists in that states and governmental entities that are considered "arms of the state" under the Eleventh Amendment to the United States Constitution may not be held liable under § 1983. *Brooks v. Center for Healthcare Services*, 981 S.W.2d 279, 284 (Tex.App.—San Antonio 1998, no writ)(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). However, cities and counties, though enjoying sovereign immunity, do not have immunity under the Eleventh Amendment. *See San Antonio Independent School Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex.1996). In fact, it is well settled that local governmental entities such as counties are "liable for damages under § 1983 for constitutional violations resulting from official county policy or custom." *See Flores v. Cameron County, Tex.*, 92 F.3d 258, 263 (5th Cir.1996)(citing *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018). Moreover, in Texas, "it has long been recognized that ... the county sheriff is the county's final policymaker in the area of law enforcement." *Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir.1990). Thus, appellees' arguments under § 1983 will not support summary judgment in their favor.

 Finally, appellees also contended that summary judgment should be granted in Montgomery County's favor on Sauls's causes of action for the "litany of intentional torts allegedly committed by Williams" because governmental units are not liable for the intentional torts of their employees. Appellees cite *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.—Houston [1st Dist] 1995, no writ) and *Jones v. Houston Independent School Dist.*, 979 F.2d 1004 (5th Cir.1992) in support of their argument. Both cases are distinguishable, however, as they involved claims under the Texas Tort Claims Act. *See Jones*, 979 F.2d at 1007; *Kmiec*, 902 S.W.2d at 122. The Texas Tort Claims Act does not waive immunity if the claim arises "out of assault, battery, false imprisonment, or any other intentional tort...." TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997). However, Sauls does not

sue under the Texas Tort Claims Act, but rather alleges violations of TCHRA. The Texas Tort Claims Act's protection against suits arising from intentional torts applies to claims brought under that act. *Id.* § 101.057. Appellees cite no cases extending the Tort Claims Act's protection against intentional torts to cases brought under TCHRA, and we have found none. Hence, we find appellees' "intentional torts" argument to be without merit.

Accordingly, we find that Williams, individually, is entitled to summary judgment *on the ground of official immunity, as regards Sauls's state law claims,* and affirm the trial court's judgment to that extent. We reverse and remand the remaining issues to the trial court for proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.