# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2025

Lyle W. Cayce
Clerk

———————

No. 24-10962

———————

Chad Lewis Lanier,

*Plaintiff—Appellant*,

*versus*

Wise County; Lane Akin, *Wise County Sheriff*; Wes Wallace,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-1241

———————————————————

Before Jones and Graves, *Circuit Judges*, and Rodriguez, *District Judge*.[*]

Per Curiam:[**]

Chad Lanier served as a sheriff's deputy in Wise County, Texas. He retired in January 2022 after enduring 18 months of "repeated, explicit and

———————————

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[**] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-10962

unwanted sexual comments" from his male supervisor, Captain Wes Wallace. Lanier sued Wise County, Sheriff Lane Akin, and Wallace for sexual harassment and sex discrimination under Title VII and the Texas Commission on Human Rights Act, as well as for constructive discharge and retaliation. The district court dismissed his causes of action because he failed to allege discrimination or harassment based on sex. Finding no error, we AFFIRM the dismissal of Lanier's claims.

I.

Lanier's allegations of the unwanted sexual comments and conduct appear in one paragraph of his complaint:

> Over an eighteen month period, Plaintiff Lanier was subjected to repeated, explicit and unwanted sexual comments from his supervisor Defendant Wes Wallace [. . .] on a continuous basis. Examples include Defendant Wallace repeatedly telling Plaintiff Lanier to perform oral sex on Chief Deputy Craig Johnson to get him in a better mood, repeated[ly] calling Plaintiff Lanier a "cum guzzler," referring to Plaintiff Lanier as his lover and other unwanted sexual comments.

In January 2022, Lanier complained about Wallace's conduct to his superiors. According to Lanier, the Defendants determined that "Wallace repeatedly subjected [ ] Lanier to unwanted sexual comments in the workplace," but despite this conclusion, they "failed to take appropriate action." And when Lanier was told that Wallace would continue to supervise him, Lanier "chose to retire instead of being forced to work" under Wallace.

Lanier sued Wise County, Akin, and Wallace. He alleged a claim against Wise County and Akin for sexual harassment and sex discrimination under 42 U.S.C. § 2000-e2 (Title VII) and Section 21.051 of the Texas Labor Code (TCHRA). He also alleged a Section 21.051 claim against Wallace in his individual capacity on the grounds that Wallace committed sexual

2

harassment as defined by Texas Labor Code § 21.141, which Texas recently promulgated. Finally, Lanier alleged constructive discharge and retaliation, and sought damages, declaratory relief, and attorney's fees.

The Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). In Lanier's response, he argued that his complaint presented cognizable claims and, in the alternative, requested that he "should be granted the opportunity to amend his pleading to address any issues identified by the Court."

The district court granted the Defendants' motion, analyzing first the Title VII claim and concluding that Lanier failed to allege that any discrimination or harassment occurred because of his sex. The district court then addressed Lanier's claim under Texas Labor Code § 21.051, reasoning that because Texas applies the Title VII standard to the statute, Lanier's state-law claim was also subject to dismissal. The district court next dismissed Lanier's claims for constructive discharge and retaliation, and then denied the "general request for leave to amend" as futile because Lanier failed to explain how he would amend his complaint or allege that new facts had come to light. The district court dismissed all claims with prejudice.

Lanier timely appealed. He raises three issues. First, he argues that he alleged a viable cause of action for same-sex sexual harassment under Title VII. Second, he claims that his allegations also satisfied the pleading standard for his state-law claim, and that even if not, the district court should have declined supplemental jurisdiction and dismissed it without prejudice to allow Lanier to present the cause of action to a Texas state court. Finally, he

No. 24-10962

argues that the district court abused its discretion by not granting him leave to amend his complaint.[1]

For the following reasons, the Court concludes that none of Lanier's arguments have merit.

## II.

We afford *de novo* review to a district court's granting of a motion to dismiss for failure to state a claim. *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021) (cleaned up) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

## III.

Lanier did not allege a plausible claim of sexual harassment or sex discrimination under Title VII.

In the context of Title VII, a plaintiff "need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Rather, a plaintiff must plead sufficient facts to allege a plausible claim of discrimination. *Id.*

Title VII prohibits two types of sexual harassment: "*quid-pro-quo* and hostile-environment harassment." *Newbury v. City of Windcrest*, 991 F.3d

---

[1] Lanier does not challenge the dismissal of his claims for constructive discharge or retaliation. As a result, he has abandoned these claims. *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 524 n.1 (5th Cir. 1998).

672, 675 (5th Cir. 2021). Here, Lanier alleges only a claim of hostile work environment.

When the alleged harasser is the same sex as the plaintiff in a hostile-work-environment claim, a two-step inquiry controls: (1) whether the alleged conduct constituted sex discrimination; and (2) whether the conduct meets the standard for a hostile work environment. *E.E.O.C. v. Boh Bros. Const. Co.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc). As to the first step, this Court has recognized three typical "evidentiary paths":

> (1) a plaintiff may show that the harasser was homosexual and motivated by sexual desire; (2) a plaintiff may show that the harassment was framed "in such sex-specific and derogatory terms . . . as to make it clear that the harasser [was] motivated by general hostility to the presence" of a particular gender in the workplace; and (3) a plaintiff may "offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace."

*Id.* at 455 (citing (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80–81 (1998)). Relevant allegations demonstrating that sexual desire motivated the alleged harassment include that the "harasser intended to have some kind of sexual contact with the plaintiff" or "that the alleged harasser made same-sex sexual advances to others[.]" *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 480 (5th Cir. 2002).

Here, the district court dismissed Lanier's Title VII claim because his allegations, accepted as true, did not satisfy any of the evidentiary paths.[2] In

---

[2] Lanier argues that the district court incorrectly required him to produce evidence in response to the Rule 12(b)(6) motion. While the district court's Opinion and Order references "evidence," it is clear that the court applied the correct standard under Rule 12(b)(6) by "taking as true" Lanier's allegations. The district court did not dismiss Lanier's claims because he failed to offer evidence supporting his allegations, but because those allegations, accepted as true, did not present viable causes of action.

the alternative, the district court considered whether Lanier alleged a hostile work environment, concluding that the allegations did not pass "the high bar required to establish an actionable hostile-work-environment claim."

This Court agrees that Lanier's allegations fail to show that he was discriminated against because of his sex. No allegation even suggests that Wallace possessed anti-male hostility or that he treated men worse than women. And his allegations neither directly allege nor allow a reasonable inference that Wallace was homosexual or motivated by sexual desire. For example, Lanier alleges no conduct by Wallace suggesting that he desired or proposed to have sex with Lanier or another male co-worker. *See, e.g.*, *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 182, 188 (5th Cir. 2012) (finding that a same-sex supervisor's explicit sexual propositions sufficed to support a jury's finding of sexual harassment based on sex).

Lanier spends little time addressing this issue, arguing only that his allegations, "[w]hile they may not prove that Defendant Wallace is gay, may fairly be inferred to express homosexual desires." Not so. That Wallace implied that Lanier performed oral sex on men, or told him to do so on a male Chief Deputy, allows no inference that Wallace himself was homosexual or that sexual desire motivated his actions. The allegation that Wallace called Lanier his "lover" comes closer, but absent more, does not permit a plausible inference that Wallace possessed a sexual desire toward Lanier. "[M]erely because the words used have sexual content or connotation" does not automatically establish a discriminatory intent. *Oncale*, 523 U.S. at 80. Viewing Lanier's allegations as a whole, they do not allow the inference that Wallace discriminated against Lanier based on his sex. The district court did not err in reaching the same conclusion.

6

No. 24-10962

As Lanier failed to adequately plead a claim of discrimination based on sex, the Court declines to address whether his allegations satisfy the standard for a hostile work environment.[3]

IV.

The district court dismissed Lanier's sexual harassment and sex discrimination claims under Texas Labor Code § 21.051, reasoning that the state statute also requires that any harassment "occurred *because of sex*." As Lanier had not pled a viable claim under Title VII, the district court concluded that Lanier's analogous causes of action under state law also failed.

On appeal, Lanier challenges the district court's conclusion, and furthermore contends that the lower court, having dismissed all federal claims, should have declined supplemental jurisdiction over the remaining state-law causes of action. On this issue, Lanier highlights the 2021 amendments to the TCHRA and argues that his allegations present novel questions under those amendments that Texas state courts should have the opportunity to address.

We apply *de novo* review to the district court's dismissal for failure to state a claim. *Calogero*, 970 F.3d at 580. We review the exercise of supplemental jurisdiction for abuse of discretion. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011).

The district court correctly concluded that Title VII and the Texas statutory provisions on which Lanier rests his claims apply the same

---

[3] Lanier devotes substantial time in his brief arguing that his allegations suffice to demonstrate a hostile work environment. As explained, however, the district court reached this issue only in the alternative. We likewise need not reach the matter, as Lanier fails to properly allege that any harassment or discrimination occurred because of sex.

standard. A sexual harassment or sex discrimination claim under Texas Labor Code § 21.051 requires that the alleged harassment or discrimination occur because of the plaintiff's sex. *See Tex. Dep't of Family & Protective Services v. Whitman*, 530 S.W.3d 703, 711 (Tex. App.—Eastland 2016, no pet.) (applying the same standard under the TCHRA as *La Day* applied to a Title VII claim of same-sex sexual harassment). Given that Lanier failed to allege that any harassment or discrimination occurred because of his sex, his TCHRA claim proves deficient.

In addition, the district court did not abuse its discretion by exercising supplemental jurisdiction over the state-law causes of action. Lanier presented all his claims in a single pleading, giving the district court supplemental jurisdiction under 28 U.S.C. § 1367(a). The federal and state claims arose out of a common nucleus of operative facts–i.e., Wallace's alleged harassment of Lanier and Wise County's and Akin's refusal to address the situation. Because Lanier chose to litigate a combination of state and federal claims within the same complaint and arising out of the common nucleus of operative facts, the district court did not abuse its discretion by exercising supplemental jurisdiction over the state law claims. *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008). This principle holds particular weight when the grounds supporting dismissal of a federal claim likewise warrant dismissal of an analogous state-law claim. *See e.g., Lucky Tunes #3, L.L.C. v. Smith*, 812 Fed. App'x. 176, 184 (5th Cir. 2020) (concluding that the district court did not abuse its discretion in exercising supplemental jurisdiction over state law claims when those claims "concern[ed] the same facts and similar law as the federal claims, making it more convenient to dispose of them in this action").

Lanier emphasizes the 2021 amendments to the TCHRA, arguing that the district court should have declined supplemental jurisdiction to allow Texas state courts to address novel issues that the amendments present. The

statutory amendments, however, did not alter Section 21.051, the provision under which Lanier alleges his claims. The law is well established as to this statute.

The 2021 amendments, in relevant part, added Sections 21.141 and 21.142 to the Texas Labor Code, and Lanier references the first provision in his complaint. But Section 21.141 merely defines sexual harassment. Lanier seeks to apply this definition to Wallace's alleged "violation of Section 21.051." He is wrong in doing so. The definition in Section 21.141 applies only to a cause of action based on Section 21.142. *See* TEX. LABOR CODE § 21.141 (limiting definition of sexual harassment to "this subchapter"). Lanier alleges no claim based on Section 21.142, rendering the definition in Section 21.141 irrelevant to his claims.[4] Thus, any novel questions that may exist as to a cause of action under Section 21.142, based on the definition in the preceding provision, do no bear on Lanier's lawsuit.

Furthermore, Texas law makes clear that Lanier cannot hold Wallace individually liable under Section 21.051. *See Butler v. Collins*, 714 S.W.3d 562, 567 (Tex. 2025) (noting that Texas law "does not subject individual employees to personal liability" for workplace discrimination claims). And Lanier does not allege individual liability against Akin. Although Akin as an elected sheriff could qualify as an "employer" under Texas Labor Code § 21.002(8)(C) for purposes of a Section 21.051 claim, such a cause of action would run against him solely in his official capacity. *Sauls v. Montgomery Cnty.*, 18 S.W.3d 310, 316 (Tex. App.—Beaumont 2000, no pet.) (concluding

---

[4] Neither Lanier's complaint nor his briefing before this Court reference Section 21.142. Before the district court, in his response to the Defendants' motion to dismiss, he mentions the provision, but only in a footnote. And on appeal, he does not argue that he alleged a cause of action under Section 21.142.

No. 24-10962

that the TCHRA did not waive a sheriff's "common law immunity against personal liability").

## V.

Finally, Lanier argues that the district court erred by not permitting him to amend his complaint. We disagree.

We review a district court's denial of leave to amend for an abuse of discretion. *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024). Lanier presented only a perfunctory request for leave to amend his complaint, if the district court found his pleadings deficient. He failed to offer a proposed amended complaint or to explain what additional facts he would allege in light of the Defendants' arguments in their motion to dismiss. Under these circumstances, district courts do not abuse their discretion by denying a "general curative amendment request." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003); *see also McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) ("[R]emanding the case to allow another pleading would do nothing but prolong the inevitable."). In this case, the district court acted within its discretion.

## VI.

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Lanier's causes of action.