Dallas/DFW International Airport Bd. v. Sharon Funderburk

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-249-CV

DALLAS/FORT WORTH

INTERNATIONAL AIRPORT BOARD APPELLANT

V.

SHARON FUNDERBURK APPELLEE

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

The primary issue we address in this appeal is whether Appellant Dallas/Fort Worth International Airport Board (DFW Board) is immune from suit for alleged violations of the Texas Commission on Human Rights Act (TCHRA or the Act).  
See
 
Tex. Lab. Code Ann. 
§ 21.002(8)(D) (Vernon Supp. 2005), §§ .051, .106, .252, .254 (Vernon 1996).
(footnote: 1)  Because we hold that Appellant falls within the TCHRA’s definition of “employer” as a “state instrumentality” and because the TCHRA waives sovereign immunity from suit as to the entities defined by the Act as employers, we will affirm the trial court’s judgment denying Appellant’s plea to the jurisdiction.

II.  Factual and Procedural Background

Appellee Sharon Funderburk claims that her employer, the DFW Board, discriminated against her on the basis of her gender by repeatedly refusing to give her promotions and pay raises.  Funderburk has over thirty-two years’ experience with and service for the DFW Board’s Department of Public Safety and repeatedly made the top score on the captain’s test.  She is also the only female lieutenant on the DFW Board’s master rolls.  After Funderburk was passed over for the position of captain in the Anti-Air Piracy Division, she filed a charge of discrimination with the Texas Workforce Commission’s Civil Rights Division, alleging gender discrimination.  The Commission issued a Notice of Right to File a Civil Action, and Funderburk filed the present suit.

The DFW Board filed a plea to the jurisdiction, claiming that it was immune from suit for any violations of the TCHRA.  Following a hearing, the trial court denied the DFW Board’s plea to the jurisdiction, and the DFW Board perfected this interlocutory appeal.  In two issues, the DFW Board claims that the trial court erred by denying its plea to the jurisdiction because no legislative consent to suit exists and because the TCHRA does not clearly and unambiguously waive governmental immunity as to the DFW Board. 

III.  Standard of Review

We review the trial court’s ruling on a plea to the jurisdiction based on immunity from suit under a de novo standard of review.  
Tex. Dep’t of Parks & Wildlife v. Miranda, 
133 S.W.3d 217, 226 (2004)
; 
Tex. Natural Res. Conserv. Comm'n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002).  Whether undisputed evidence of jurisdictional facts establishes a trial court’s jurisdiction is a question of law.  
Miranda, 
133 S.W.3d at 226
.  Here, the parties concede that the facts are undisputed.  Thus, we determine as a matter of law whether the undisputed facts establish jurisdiction.

IV.  The TCHRA Waives Immunity as to State Instrumentalities,

and The DFW Board is a “State Instrumentality”

The TCHRA prohibits employers from discriminating on various grounds, including gender.  
See
 
Tex. Lab. Code Ann
. §§ 21.051, .106.  “Employer” is defined, for purposes of the statute’s prohibition of discrimination, as including “a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed.”  
Id.
 § 21.002(8)(D).  Thus, the law is settled that the TCHRA clearly and unambiguously waives governmental immunity for the governmental entities that are statutorily defined as employers.  
See, e.g., Little, 
148 S.W.3d at 376-77 (recognizing that the Texas Department of Criminal Justice is a state agency subject to the TCHRA’s waiver of immunity); 
Tex. Dep’t of Criminal Justice v. Cooke
, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.) (stating that the TCHRA “
provides a limited waiver of sovereign immunity when a governmental unit has committed employment discrimination 
on the basis of race, color, disability, religion, sex, national origin, or age”) (emphasis added); 
King v. Tex. Dep’t of Human Servs. ex rel. Bost
, 28 S.W.3d 27, 30 (Tex. App.—Austin 2000, no pet.) (recognizing that the TCHRA “contains such a waiver [of sovereign immunity] by including state agencies in the Act's definition of ‘employer’”); 
Sauls v. Montgomery County
, 18 S.W.3d 310, 315 (Tex. App.—Beaumont 2000, no pet.) (holding that “the Legislature has, in clear and unambiguous language, waived sovereign immunity against elected public officials and governmental entities defined by the act to be employers”).

The Beaumont court in 
Sauls
 succinctly explained that the TCHRA clearly and unambiguously constitutes a waiver of sovereign immunity as to those governmental entities meeting the Act’s definition of “employer.”

The right to bring suit is established in section 21.254, which provides,  "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent."  
Tex. Lab. Code Ann
. § 21.254. "Respondent" is defined as "the person charged in a complaint filed under this chapter and 
may include an employer
.  ..."
 
[
Id
.] § 21.002(13) (emphasis added).  “Respondent," thus, includes Montgomery County and Williams, as both are "employers" as defined by the Act.  Hence, the language of the Act allows for suits to be brought against governmental entities such as Montgomery County and against elected officials such as Williams.  Further, the Act allows for courts to award both compensatory and punitive damages, except that punitive damages may not be recovered from a governmental entity. [
Id
.] § 21.2585. This exception would not be necessary if the Legislature did not intend for governmental entities to be sued under the Act.  Moreover, we do not presume the Legislature included language without a purpose.

18 S.W.3d at 315.

Thus, the only question presented here is whether the DFW Board falls within the TCHRA’s definition of an employer.  Counties, municipalities, state agencies, and state instrumentalities are all statutorily defined as employers for purposes of the TCHRA.  
See
 
Tex. Lab. Code Ann
. § 21.002 (8)(D).  Funderburk contends that the DFW Board is a state instrumentality, and the DFW Board contends that it is not.
(footnote: 2)  The term “state instrumentality” is not defined in the TCHRA.  Accordingly, we apply rules of statutory construction and look to controlling case law to determine whether the DFW Board is a state instrumentality.  
See
 
Tex. Gov’t Code Ann.
 §§ 311.001-.034 (Vernon 2005) (the Code Construction Act).

Before engaging in a statutory construction analysis, we examine the origins of the DFW Board.  The DFW Board is statutorily created pursuant to Chapter 22 of the Texas Transportation Code, “County and Municipal Airports.”  
See
 
Tex. Transp. Code Ann.
 § 22.074 (Vernon 1999 & Supp. 2005) (discussing creation of joint board); 
see generally id. 
§§ 22.001-.901.  The functions performed by the DFW Board include public and governmental functions exercised for a public purpose.  
Id.
 § 22.002.  Additionally, a joint board like the DFW Board may “plan, acquire, establish, construct, improve, equip, maintain, operate, regulate, protect, and police an airport . . . jointly operated,” and if the constituent agencies of a joint board are populous home-rule municipalities, like the DFW Board’s constituent agencies, the powers quoted above are exclusively the powers of the board, not of the constituent municipalities.  
Id
. § 22.074(c), (d); 
City of Irving v. Dallas/Fort Worth Int’l Airport Bd.
, 894 S.W.2d 456, 467-68 (Tex. App.—Fort Worth 1995, writ denied).

Moving to a statutory construction analysis concerning the meaning of the term “state instrumentality,” we may consider matters including (1) the object the legislature sought to obtain; (2) the circumstances under which the legislature enacted the statute; (3) the legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; and (5) the consequences of a particular construction.  
See 
Tex. Gov’t Code Ann.
 
§ 311.023 (Vernon 2005).  Two of the stated objectives the legislature sought to obtain through the enactment of the TCHRA were to “provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments” and to “make available to the state the full productive capacities of persons in this state.” 
See
 
Tex. Lab. Code Ann
. § 21.001 (1), (5)
 
(Vernon 1996)
.  
These stated objectives of the TCHRA express a legislative intent to eliminate workforce discrimination in Texas, not to whittle away and to narrow the group of employers prohibited from engaging in workforce discrimination.  
See
 
Purdin v. Copperas Cove Econ. Dev. Corp.
, 143 S.W.3d 290, 301 (Tex. App.—Waco 2004, pet. dism’d) (holding economic development corporation to be state instrumentality subject to claims made under the TCHRA and explaining that the employment discrimination prohibitions in chapter 21 are to be generally applied).  The circumstances under which the legislature enacted the TCHRA and its legislative history do not provide insight into the legislature’s intent concerning the term “state instrumentality” beyond the plain wording of subsection (8)(D).  
See
 
Tex. Lab. Code Ann
. § 21.002 (8)(D).  The Act’s former statutory provisions, and the consequences of an exclusionary construction of the term “state instrumentality,” however, weigh in favor of the conclusion that the DFW Board is a state instrumentality.  As noted by the 
Purdin
 court, the Act was amended in 1997 to expressly define “state agency.”  
Purdin, 
143 S.W.3d
. 
at 298.  The term “state agency” was given a broad definition as including

(A)  a board, commission, committee, council, department, institution, office, or agency in the executive branch of state government having statewide jurisdiction;

(B)  the supreme court, the court of criminal appeals, a court of appeals, or the State Bar of Texas or another judicial agency having statewide jurisdiction; or

(C)  an institution of higher education as defined by Section 61.003, Education Code.

Tex. Lab. Code Ann
. § 21.002(14).  The legislature’s adoption of a broad definition of the term state agency evidences an intent to prohibit discrimination in state government.  A narrow, extremely limited construction of the term “state instrumentality” as not including the DFW Board would permit workplace discrimination at DFW International Airport, where hundreds of people work.  This construction is inconsistent with the stated purposes of the TCHRA, as well as with the legislature’s prior actions that broadened the reach of the TCHRA by broadly defining “state agency.”  Our statutory construction analysis compels the conclusion that the legislature intended to include organizations like the DFW Board within the scope of the term “state instrumentality.”

Other courts, including this court in 
Tarrant County Hospital District v. Henry
, have likewise held that an entity created pursuant to Texas statutory authority, and whose purpose includes the performance of public and governmental functions are a state instrumentality.  
See, e.g.,
 52 S.W.3d 434, 445-48 (Tex. App.—Fort Worth 2001, no pet.) (holding hospital district to be state instrumentality subject to claims made under TCHRA); 
Purdin, 
143 S.W.3d at 301 (holding economic development corporation to be state instrumentality subject to claims made under TCHRA); 
Vela v. Waco Indep. Sch. Dist.
, 69 S.W.3d 695, 700 (Tex. App.—Waco 2002, pet. withdrawn) (holding school district—in claim made prior to amendment defining state agency—to be state instrumentality subject to claims made under TCHRA); 
Crow v. Rockett Special Util. Dist.
, 17 S.W.3d 320, 325 (Tex. App.—Waco 2000, pet. denied) (holding special utility district to be state instrumentality subject to claims made under TCHRA).  We hold that the DFW Board is a state instrumentality subject to claims made under the TCHRA.

The DFW Board contends that it is not a state instrumentality because it is an instrumentality of a municipality and therefore is not an employer under the Act.  But the DFW Board took the opposite position in 
City of Irving
—arguing it was an agent of the state of Texas—and in that case we upheld the constitutionality of Texas Transportation Code subsections 22.074(c) and (d), vesting power over the airport property exclusively with the DFW Board, to the exclusion of the municipalities.  
City of Irving, 
894 S.W.2d at 467-68.  By virtue of this statute, the DFW Board cannot be considered a mere agent of a municipality.  
See
 
Tex. Transp. Code Ann.
 § 22.074(c), (d); 
City of Irving
, 894 S.W.2d at 467-68 (recognizing legislature reallocated the regulatory authority from the cities over the property on which DFW airport is located to the airport board).  We thus decline to adopt the DFW Board’s argument in this case that it is merely an instrumentality of a municipality. The DFW Board, while acknowledging the above case law supporting the conclusion that it is a state instrumentality, nonetheless contends that the legislature’s recent enactment of section 311.034 of the government code and the Texas Supreme Court’s recent opinion in 
Wichita Falls State Hospital v. Taylor 
mandate a different result.  
See
 
Tex. Gov’t Code Ann.
 § 311.034 (Vernon 2005); 
Taylor
, 106 S.W.3d 692 (Tex. 2003).  We address these contentions in turn and conclude that neither the application of government code section 311.034 nor the application of the 
Taylor
 analysis alters our determination that the DFW Board is a state instrumentality, that a state instrumentality is defined as an “employer” to whom the TCHRA applies, and that the TCHRA waives sovereign immunity for an entity statutorily defined as an “employer.”

In 2001, the Legislature enacted the following provision as section 311.034 of the Code of Construction Act.

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.  In a statute, the use of “person,” as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction.

Tex. Gov’t Code Ann.
 § 311.034.  But here, there is no question—and the DFW Board does not contend otherwise—that the TCHRA clearly and unambiguously waives sovereign immunity when the governmental entity is one of the entities specifically listed in the TCHRA’s definition of employer.  
See
 
Tex. Lab. Code Ann. 
§ 21.002(8)(D) (defining employer as including “a county, municipality, state agency, or state instrumentality”); 
see also, e.g., Little, 
148 S.W.3d at 376-77; 
Cooke
, 149 S.W.3d at 704; 
King
, 28 S.W.3d at 30; 
Sauls, 
18 S.W.3d at 315.  Thus, section 311.034's mandate that a statute not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language is satisfied, given our holding that the DFW Board is a state instrumentality.

The DFW Board appears to argue that the TCHRA must clearly and unambiguously waive governmental immunity specifically as to it.  We cannot agree with this contention.  Such a holding would require the TCHRA to specifically list every state employer subject to the Act’s prohibition against discrimination.  The TCHRA defines an employer as including categories of governmental employers—counties, municipalities, state agencies, or state instrumentalities.  
Tex. Lab. Code Ann. 
§ 21.002(8)(D).  No state employer is specifically identified.  
See id
.  
Thus, under the DFW Board’s position, the TCHRA would not waive sovereign immunity as to any governmental entity because none are specifically identified.  The TCHRA clearly and unambiguously waives sovereign immunity as to the governmental entities defined as employers.  A state instrumentality is defined as an employer, and the DFW Board is a state instrumentality.

We next address the DFW Board’s contention that the Texas Supreme Court’s decision in 
Wichita Falls State Hospital v. Taylor 
alters the analysis we are to apply.  
See
 
106 S.W.3d at 692.  
Taylor
 did not involve the TCHRA.  
Taylor
 involved a suit brought under section 321.003 of the Texas Health and Safety Code for a violation of the “patient’s bill of rights,” which is codified in chapter 321.  
See id.
 at 693-94.  Unlike the TCHRA, however, chapter 321 of the health and safety code contains no express language or definitions including governmental entities within the scope of that statute.  
See
 Tex. Health & Safety Code Ann
. § 321.001-.004 (Vernon 2001).  The supreme court in 
Taylor
 undertook an extensive analysis to determine whether, despite the absence of express language or definitions pulling state mental health facilities within the scope of the statute, the legislature intended for the statute to effectuate a waiver of sovereign immunity against state mental health facilities for violations of the patient’s bill of rights.  
See id.
 at 694-702.  Because the statute at issue here, the TCHRA, does contain express language placing counties, municipalities, state agencies, and state instrumentalities within the scope of the statute, the 
Taylor
 analysis is inapplicable.
(footnote: 3)  

We overrule the DFW Board’s first and second issues.

V.  Conclusion

Having overruled the DFW Board’s first and second issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: January 26, 2006

FOOTNOTES
1:
When the TCHRA was recodified into the Texas Labor Code, the revised law omitted as unnecessary the short title of the act.  
Little v. Tex. Dep’t of Criminal Justice, 
148 S.W.3d 374, 377-78 (Tex. 2004).  In addition, the Commission on Human Rights was recently abolished and its powers and duties were transferred to the newly-created Civil Rights Division of the Texas Workforce Commission.  
Id.
  Nonetheless, for simplicity, we refer to chapter 21 of the labor code as the TCHRA.

2:
Funderburk also alternatively contends that the DFW Board satisfies the TCHRA’s definition of a “person” and is therefore subject to the Act’s waiver of immunity.  Because we hold that the DFW Board is a state instrumentality, we do not reach Funderburk’s alternative argument that the DFW Board  satisfies the Act’s definition of a person.  
See 
Tex. R. App. P.
 47.1.

3:
The DFW Board’s contention that 
Taylor
 alters the analysis applicable to TCHRA claims is likewise undermined by the fact that the supreme court, after its decision in Taylor, issued 
Little 
reversing a summary judgment for the 
Texas Department of Criminal Justice on the plaintiff’s TCHRA discrimination claim.