IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00095-CV

 

Texas Department of Criminal Justice,

                                                                                Appellant

 v.

 

Jerry Ray Edgin,

                                                                                Appellee

 

 

 



From the 12th District Court

Madison County, Texas

Trial Court No. 04-10356-012-10

 



MEMORANDUM  Opinion



 








          Jerry Ray Edgin sued the Texas
Department of Criminal Justice for retaliation under Chapter 21 of the Labor
Code.  In this interlocutory appeal, the TDCJ challenges the trial court’s
denial of its plea to the jurisdiction.[1] 
We affirm.

STANDARD OF REVIEW

          A plea to the jurisdiction challenges
the trial court’s “power to determine the subject matter of the suit.”  Vela v. Waco Indep. Sch. Dist., 69 S.W.3d 695, 698 (Tex. App.—Waco 2002, pet. withdrawn).  We
review a plea “based
on sovereign immunity de
novo because the question of whether a court has subject
matter jurisdiction is a matter of law.”  Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004); see Vela, 69 S.W.3d at 698.  Where “the pleading requirement has been met and evidence has
been submitted to support the plea that implicates the merits of the case,
we take as true all evidence favorable to the nonmovant.”  Tex. Dep’t of Parks & Wildlife
v. Miranda,
133 S.W.3d 217, 228 (Tex. 2004) (citing Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997)).  “We indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.”  Id.

ISSUES PRESENTED

          Contending that Edgin
cannot state a claim for retaliation under Chapter 21 of the Labor Code, the
TDCJ presents three primary issues purportedly challenging waiver of sovereign
immunity: (1) Edgin cannot establish a good faith reasonable belief that
discrimination occurred; (2) Edgin did not engage in a “protective activity;”
and (3) there is no causation between the “protected activity” and the allegedly
adverse action.  In a fourth issue, the TDCJ argues that the trial court should
have struck the affidavit of Renee Howe as conclusory.

SOVEREIGN IMMUNITY

Unless waived, sovereign immunity shields
governmental entities from suit.  See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692,
696 (Tex. 2003); see also Somervell County Healthcare Auth. v. Sanders,
169 S.W.3d 724, 726 (Tex. App.—Waco 2005, no pet).  Chapter 21 of the Labor
Code waives immunity as to entities it defines as “employers,” including in
relevant part, “a
county, municipality, state agency, or state instrumentality...”  Tex. Lab. Code Ann. § 21.002(8)(D) (Vernon 2006); see Sauls
v. Montgomery County, 18 S.W.3d 310, 315 (Tex. App.—Beaumont 2000, no pet.); see also Dallas/Fort Worth Int’l Airport
Bd. v. Funderburk,
188 S.W.3d 233, 235-36 (Tex. App.—Fort Worth 2006, pet. granted, judgm’t
vacated w.r.m.); Purdin v. Copperas Cove Econ. Dev. Corp., 143 S.W.3d
290, 293 n.2 (Tex. App.—Waco 2004, pet dism’d).  The TDCJ is an employer
subject to this waiver of immunity.  See Tex. Dep’t of Crim. Justice v. King, No. 10-01-058-CV, 2003 Tex. App. Lexis 10481, at
*12 (Tex. App.—Waco Dec. 10, 2003, pet. denied) (mem. op.).

FAILURE TO STATE A CLAIM

In its
first, second, and third issues, the TDCJ essentially argues that it is immune
from suit because Edgin cannot state a claim of retaliation under Chapter 21 of
the Labor Code.

A
plea to the jurisdiction is intended to “defeat a cause of action without
regard to whether the claims asserted have merit.”  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000) (emphasis added).  “The pleadings relevant to
a review of a plea to the
jurisdiction include amended petitions, the plea to the jurisdiction, and
responses filed in connection with a defendant’s plea to the jurisdiction.” 
City
of Austin v. Ender, 30 S.W.3d 590, 593 (Tex. App.—Austin 2000, no pet.).

In his administrative
complaint, Edgin stated, “I believe I have been discriminated against because
of my participation in a protected activity...”  This “protected activity”
includes submitting a “monthly report outlining the problems in the Maintenance
Department” and submitting a “witness statement for a female coworker who was
subjected to an inappropriate comment by Warden [Alfred]
Janicek,” which arguably constituted sexual harassment.  Edgin alleges that,
following these events, he was charged with three disciplinary actions,
demoted, forced to reapply as a correctional officer, “not accepted” as a
correctional officer, administratively separated, and “subjected to harassment”
which ultimately “forced [him] to retire.”

Accordingly, Edgin’s petition alleges
that “his retirement was forced solely and directly due to retaliatory measures
for his following policy and submitting witness statements.”    Considering
Edgin’s administrative complaint and the relevant pleadings, and construing
them in his favor, Edgin alleges that he was retaliated against in violation of
the Labor Code for “[opposing]
a discriminatory practice.” 
Tex. Lab. Code Ann. § 21.055 (Vernon 2006); see Miranda, 133 S.W.3d at 228.

Nevertheless, relying on Miranda,
the TDCJ attacks Edgin’s ability to establish the elements of his cause of
action.  In Miranda, the
Supreme Court examined the merits of the Mirandas’ claims because they had
alleged a violation of the Texas Tort Claims Act, under which immunity from
suit and immunity from liability are “co-extensive.”  See Miranda, 133 S.W.3d at
224.  The Act specifically provides that: “Sovereign immunity to suit is
waived and abolished to the extent of liability created by this chapter.”  Tex.
Civ. Prac. & Rem. Code Ann. §
101.025(a) (Vernon 2005) (emphasis added).  “This provision effectively creates
a situation in which evaluating whether subject matter jurisdiction exists in a
given case may require a court to examine the merits of a plaintiff’s claims.” 
Prairie View A&M Univ. v.
Brooks, 180 S.W.3d 694,
703 (Tex. App.—Houston [14th Dist.] 2005, no pet.).[2]

Unlike the TTCA, Chapter 21
does not make immunity dependent on liability.  Rather, Chapter 21 waives sovereign
immunity where an employee exhausts administrative remedies and where the
defendant qualifies as an “employer” as defined by the Labor Code.  See Sauls,
18 S.W.3d at 315; see
also Funderburk, 188 S.W.3d at 234; Purdin,
143 S.W.3d at 293 n.2;
Tex. Lab. Code Ann. § 21.002(8)(D); Pegram v. Honeywell, Inc., 361 F.3d 272,
281 (5th Cir. 2004).  Neither
requirement is at issue in this appeal.

We consider evidence “when necessary to resolve the jurisdictional issues
raised.”  Bland, 34 S.W.3d at 555
(emphasis added).  This
case does not present a situation where we must explore the merits of Edgin’s
claims.  See State v. Lueck, 212 S.W.3d 630, 637-38 (Tex. App.—Austin 2006,
pet. filed).  Because no jurisdictional issues exist for our determination, we overrule the TDCJ’s first,
second, and third issues.  See
id.  We need not address the
TDCJ’s fourth issue.  See Tex. R.
App. P. 47.1.

The trial court’s judgment is
affirmed.

        

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Affirmed

Opinion delivered and
filed April 18, 2007

[CV06]









[1]           The TDCJ previously removed this case
to federal court.  The federal court remanded the case to the state court,
holding that “Edgin has a claim under Texas law, and not merely a Title VII
claim that can proceed in federal court…”





[2]           “Miranda thoroughly details
the procedure that courts and litigants should follow in examining questions of
subject matter jurisdiction under the TTCA.”  Prairie View A&M Univ. v. Brooks, 180 S.W.3d 694, 703 (Tex. App.—Houston [14th Dist.] 2005, no pet.).








n style="font-family: 'CG Times', serif">      Appellant’s objection under art. 38.071 did not give the judge even a hint which of the 38.071
requirements were not met. Neither does his brief give this court any information. Article 38.071
contains over 2,100 words and is divided into some 58 sections and subsections. “Shotgun”
objections, as this, do not preserve points based on authority which is merely mentioned. Webb
v. State, 899 S.W.2d 814, 818 (Tex. App.—Waco 1995, pet. ref’d).
      Article 38.071 § 2(a) provides that the recording of a child’s oral statement made before
indictment or complaint is admissible if the court determines that the factual issues of identity or
actual occurrence were fully and fairly inquired into by a neutral person experienced in child abuse
cases.
      Sherry Fallon testified that she is an investigator for Child Protective Services, and had been
for six years; that she interviewed A.B.; that A.B. told her of the sexual abuse by Appellant of
both herself and C.W. Fallon further testified that she was the operator of the video machine in
taking the two videotapes; that it was working properly and that the tapes were a fair and accurate
description of what took place.
      The trial judge committed no error under art. 38.071 § 2(a) in admitting the two videotapes.
      Article 38.071 § 5(a)(7) provides:
On the motion of the attorney representing the state or the attorney representing the
defendant and on a finding by the trial court that the following requisites have been
substantially satisfied, the recording of an oral statement of the child made before a
complaint had been filed or an indictment returned charging any person with an offense
to which this article applies is admissible if . . . (7) immediately after a complaint was
filed or an indictment returned charging the defendant with an offense to which this
article applies, the attorney representing the state notified the court, the defendant, and
the attorney representing the defendant of the existence of the recording and that may be
used at the trial of the offense.

      The record reflects that Appellant’s counsel acknowledged at trial that he was provided with
the videotapes six or seven months before trial. No error was committed under this section in
admitting the two videotapes.
      Points 3 and 4 are overruled.
      Point 5: “It was error for court to not appoint an expert to assist the defense of the case in
violation of art. 26.05"
      Article 26.05, Texas Code of Criminal Procedure, authorizes the trial court to “reimburse for
reasonable expenses incurred with prior court approval for purposes of investigation and expert
testimony.”
      Appellant filed a motion for the appointment of an “expert witness” to assist in preparation
for defense on November 18, 1995, which was the first day of the trial. The filing of the motion
was not timely. Tex. Code Crim. Proc. art. 28.01.
      Moreover, Appellant made no preliminary showing that the issue for which he sought expert
assistance was likely to be a significant factor at trial. Rey v. State, 897 S.W.2d 333, 339 (Tex.
Crim. App. 1995).
      Point 5 is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 25, 1998 
Do not publish