**STATE of Missouri, Respondent,**

v.

**Bobby Lee BUCKLER, Appellant.**

**No. WD 72794.**

Missouri Court of Appeals,
Western District.

Oct. 18, 2011.

Craig Allan Johnston, Columbia, MO, for appellant.

Timothy Allan Blackwell, Jefferson City, MO, for respondent.

Division Three: JAMES E. WELSH, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

JAMES M. SMART, JR., Judge.

Appellant Bobby Lee Buckler was charged with, and convicted of, the class D felony of criminal nonsupport of a child. Buckler failed to make child-support payments to J.K. ("Mother") from September 1, 2005 to February 28, 2006. The child-support payments, stemming from a court judgment on July 12, 2004, were to be made each month to Mother for the benefit of C.B. ("Child"), Buckler's alleged biological child.

Buckler and Mother began a sexual relationship in junior high school. Sometime later, Mother got pregnant. Mother told Buckler that he was the only person who could be the father of the child, because she had not had sexual intercourse with anyone else during the time Child was conceived. Buckler and Mother began living together a few months before Child was born. Child was born in May of 2002. Buckler and Mother continued living together until Child was approximately eighteen-months old, at which point they began living separately.

Subsequently, Mother filed a "Petition for Determination of Father–Child Relationship, Order of Child Custody, and Support" ("paternity action") against Buckler in 2004. Buckler was represented by legal counsel during the proceeding and sought joint custody of Child because he wanted to be a part of Child's life. At no time did

Buckler deny that he was Child's father. He claims he did not contest this fact at the time of the hearing, because he believed Mother's claim that he was the biological father and was trying to protect his parental rights with Child. The circuit court issued its judgment on July 12, 2004, finding that Buckler was the biological father of Child and awarding Buckler and Mother joint legal and physical custody of Child. The court also ordered Buckler to pay child support in the amount of $160 each month.

Buckler paid child support without issue until he understood that Child was not his biological child. According to Buckler, during an argument with Mother, she told him that there was a chance that he was not Child's father. Buckler had a DNA test performed in June of 2005. He testified that the results determined that there was a zero percent chance that he was Child's father. Because Buckler discovered that Child was not his, he stopped making child-support payments, even though he had the ability to do so. The State charged Buckler with criminal nonsupport because of his refusal to pay.

Prior to trial, the State filed a motion in limine to exclude the genetic testing results Buckler had obtained. The State argued that whether Buckler was truly Child's biological father was irrelevant, because according to the Missouri Supreme Court's interpretation of section 568.040, RSMo,[1] in State ex rel. Sanders v. Sauer, 183 S.W.3d 238, 240 (Mo. banc 2006), the State need only prove that the child had been "legitimated by legal process," not that the child was the accused's biological child. The State said that Child had been

1. All statutory references are to the Revised Statutes of Missouri 2000, as updated, unless otherwise stated.

"legitimated by legal process" in the underlying paternity action where Buckler did not contest the paternity and signed Child's birth certificate. Buckler argued that he was lied to by Mother and that his acquiescence in the original paternity action was a result of fraud. The trial court sustained the State's motion excluding evidence of the DNA testing.

After the trial court's ruling on the motion in limine, Buckler waived his right to a jury trial. The court conducted a bench trial on July 21, 2009.

Mother testified at trial that she had lied to Buckler about his being Child's father, claiming that she was young and did not really know for sure that Buckler was not the father at the time. She denied ever having told Buckler that he was not Child's biological father.

While Buckler maintained that he did not contest being Child's father in the underlying paternity action because of Mother's lie that she had not had sexual activity with any other person, he admitted that he willingly participated in the paternity action and was not forced to accept being Child's father. Buckler's offer of the DNA paternity test into evidence was rejected upon the State's objection.

After all evidence was presented, the court overruled Buckler's motion for judgment of acquittal at the close of the evidence and found him guilty of the charged offense. The trial court concluded that Buckler was not the biological father of Child and that he was deceived by Mother into believing that he was Child's father. However, the court also found that Buckler did not pay any child support during the charged period, even though he was able to pay support, and there was no just cause or legal excuse for Buckler to stop paying the support due. Buckler was sentenced to one year and one month in the Department of Corrections ("DOC"), to run concurrently with an earlier sentence he was currently serving at that time.

Buckler appealed to this court in *State v. Buckler*, WD71304. On March 17, 2010, this court dismissed the appeal because the trial court had rendered the sentence prior to the expiration of the time for filing a motion for new trial. On July 1, 2010, the parties again appeared before the trial court, and Buckler waived his right to file a motion for new trial in order to perfect his right to appeal. The trial court granted his waiver and resentenced him to one year in the DOC.

Buckler appeals.

## Standard of Review

"When reviewing the denial of a judgment of acquittal notwithstanding the verdict, we must view the evidence in the light most favorable to the verdict and disregard all contrary evidence and inferences." *State v. Uptegrove*, 330 S.W.3d 586, 590 (Mo.App.2011) (citing *State v. Overkamp*, 646 S.W.2d 733, 736 (Mo. banc 1983)). We must determine "whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Wright*, 998 S.W.2d 78, 81 (Mo. App.1999). "This standard for reviewing the sufficiency of the evidence applies in both court-tried and jury-tried cases." *State v. McGinnis*, 317 S.W.3d 685, 686 (Mo.App.2010). To the extent that an appellant contends that his conviction was barred by law, the legal issue is reviewed *de novo. See State v. Richard*, 298 S.W.3d 529, 531 (Mo. banc 2009).

## Analysis

In Buckler's sole point on appeal, he contends that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence and, thus,

violated his due process rights[2] by sentencing him for criminal nonsupport, because he was not the biological or adoptive father of Child. He says the judgment ordering him to pay child support was void because it was fraudulently obtained by Mother's lies.

Buckler thus rests his appeal on the legal contention that if he is not in fact the father of the minor child, the due process clause requires that he be acquitted. The problem he faces is that this court is bound by the decision of the Supreme Court in *Sauer*. *Sauer*, like this case, involved a paternity proceeding. 183 S.W.3d at 239. The father agreed to take blood tests to determine paternity, but did not take the tests. *Id*. He allowed judgment to be taken against him by default. *Id*. The father was declared to be the father of the child. *Id*. He made no effort to set aside the default judgment or to otherwise appeal. *Id*. Pursuant to section 210.841.1,[3] the judgment determined the existence of the parent-child relationship "for all purposes." *Id*. at 240.

The father in *Sauer* was charged with criminal nonsupport. *Id*. at 239. The father then sought an order compelling DNA testing. *Id*. The trial court granted the request. *Id*. The prosecuting attorney then sought a writ in the Supreme Court to prohibit the enforcement of the DNA order. *Id*. The Court in *Sauer* granted the requested writ. *Id*. The *Sauer* Court held that the State in a criminal nonsupport proceeding does not have the burden to prove beyond a reasonable doubt that the defendant is the father of the child.

*Id*. at 240. The State's burden instead (in a case in which parentage is not conceded) is to prove beyond a reasonable doubt that a judgment was entered establishing that the child was "legitimated by legal process." *Id*.

■ This case is governed by *Sauer*. *Sauer* leaves Buckler without a viable legal defense. Where Buckler goes wrong here is in trying to appeal a result mandated by *Sauer* instead of pursuing more viable options for relief.

In 2009, the Missouri Legislature codified a specific statutory procedure for setting aside a judgment of paternity, section 210.854.[4] Section 210.854.1 and .8 states in pertinent part:

> In the event of the entry of a judgment ... of paternity and support, ... a person against whom such a judgment ... ha[s] been entered may file a petition requesting a circuit court with jurisdiction over the subject child or children to set aside said judgment ... in the interests of justice and upon the grounds set forth in this section. *Such a petition may be filed at any time prior to December 31, 2011.* After that date, the petition shall be filed within two years of the entry of the original judgment of paternity and support[.]
>
> . . . .
>
> Any petitioner who has pled guilty to or been found guilty of an offense for criminal nonsupport under section 568.040, RSMo, as to a child or children who have been found not to be the biological child or children of the petitioner, may

---

**2.** U.S. CONST. AMEND. XIV, § 1; MO. CONST. art. I, § 10.

**3.** "The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes." *Sauer,* 183 S.W.3d at 240 (citing § 210.841.1).

**4.** While this specific remedy was not available in the time period before Buckler's trial, it was available prior to the perfecting of this appeal.

apply to the court in which the petitioner pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial, or conviction. If the court determines, after hearing, that the petitioner has had a judgment or judgments of paternity and support set aside under this section, the court shall enter an order of expungement. .... The effect of such order shall be to restore such person to the status he or she occupied prior to such arrest, plea, or conviction and as if such event had never taken place.

(Emphasis added.)

Although it had refused to admit in evidence the DNA paternity test, the trial court specifically found that Buckler was not Child's biological father and that Buckler was deceived into believing that he was the father. Thus, it appears to us, and Buckler himself admits, that he is an ideal candidate under section 210.854 to have his conviction set aside and all records concerning that conviction expunged.

Buckler knows of the statutory remedy but has not pursued it because he does not have the funds available to pay for any new genetic paternity testing costs.[5] Section 210.854.2 purports to require a recent paternity test as a specific condition of being able to access the relief offered. Although Buckler states that he does not have the funds for the test, the fact is that the legislature has provided a remedy for him, and it cannot be said that the remedy offered is meaningless or so impractical as to amount to not having a remedy. Accordingly, Buckler has an opportunity, until December 31, 2011, to return to the circuit court and pursue relief under the statute.

Any unnecessary processing of this appeal could be highly detrimental to Buckler, who presumably is waiting for a decision from this court before pursuing his other option. Based on the facts of this case, and the applicable law, we cannot grant Buckler any summary relief. Buckler has not demonstrated that he is entitled to judicially granted relief from the conviction. Moreover, he has not exercised any rights under Rule 74.06 or any other provision of law to seek to set aside the paternity judgment.[6]

Because of the extant opportunity for Buckler to expunge his conviction and sentence by pursuing his statutorily authorized remedy, we see no need to take the unusual step of temporarily suspending the further processing of this appeal to allow Buckler to seek expungement of his conviction pursuant to section 210.854.8. A stay of the appeal is unnecessary, because Buckler will retain all his rights under section 210.854 regardless of whether we suspend the proceedings on appeal or promptly hand down the legal ruling in this case. Accordingly, it makes more

---

5. The DNA test showing Buckler was not Child's father was conducted in June of 2005. We do not know the significance of recency when it comes to genetic testing. Hence, we do not know why section 210.854.2 specifies that the genetic test is to have been conducted within ninety days prior to the filing of a civil petition to set aside the judgment.

6. Buckler had an opportunity to engage in discovery proceedings and to have DNA testing at the time of the paternity suit brought against him. *See* section 210.822. He also, after the paternity judgment, did not move at any time to set aside the judgment of paternity pursuant to Rule 74.06 or any other provision of law. *See, e.g., State ex rel. Div. of Child Support Enforcement v. Hill*, 53 S.W.3d 137 (Mo.App.2001). Under *Sauer*, he has no legal defense to the charge, as discussed above. While the contention that something is "not fair" may be relevant to certain proceedings in equity, it is not a recognized claim of legal defense to a criminal charge.

sense to resolve the merits of Buckler's appeal, and to do it quickly so that Buckler will hold no false hope for this appeal and will know what avenue of relief may be temporarily available.

The trial court has already indicated its belief that Buckler was deceived by his girlfriend's statement that she had not engaged in sexual relations with any others during the pertinent time. The court has also already found as a factual matter, though in surplus *dictum*, that Buckler is not the biological father of the child. That recitation was immaterial to the judgment of conviction, because the trial court was required under *Sauer* to rule that Buckler's due process rights had not been violated. Because the trial court was bound by the decision in *Sauer*, the trial court did not err in its ruling.

### Ruling

We affirm the judgment of conviction and sentence.

All concur.