**Affirmed and Opinion Filed August 29, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00675-CV

### RUTH TORRES, Appellant
### V.
### DALLAS/FT WORTH INTERNATIONAL AIRPORT, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08711**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Appellant Ruth Torres files this interlocutory appeal of the trial court's order granting Dallas-Fort Worth International Airport Board (DFW)'s plea to the jurisdiction. Torres brings six issues on appeal. Four of her issues question DFW's defense of governmental immunity and whether it was waived. Torres's fifth issue argues she is entitled to a remedy under the Uniform Declaratory Judgments Act. Her sixth issue avers that DFW's "appeal to the jurisdiction" stayed all proceedings and that the trial court erred by continuing to issue orders after jurisdiction was questioned. We affirm the trial court's grant of the plea to the jurisdiction.

BACKGROUND

The underlying dispute in this case concerns a contract in which Torres was to provide human resources consulting services to Pursuit of Excellence (POE), a corporation that contracted with DFW to provide airport operations services. DFW operates Dallas/Fort Worth International

Airport. *See* TEX. TRANSP. CODE §§ 22.074(c), (d). On July 20, 2016, POE filed suit against Torres for breach of contract, breach of fiduciary duty, misappropriation of trade secrets, unjust enrichment, tortious interference with contract and business relationships, and commercial disparagement. Torres filed an answer, denying the allegations and asserting counterclaims against POE. She also added third-party claimants, including DFW. On May 14, 2018, DFW filed a plea to the jurisdiction, asserting governmental immunity from tort and contract claims. Torres filed an answer, and DFW filed a reply to that answer. On June 4, 2018, the trial court signed an order granting DFW's plea to the jurisdiction. Torres filed a notice of appeal challenging that order, among other orders. We ordered Torres to file a brief in this case limited to the trial court's order granting DFW's plea to the jurisdiction. We determined that we lack jurisdiction over numerous issues raised in Torres's notice of appeal, and that review of the trial court's denial of Torres's motion to dismiss under the TCPA would proceed under a separate case number. Accordingly, we now review the arguments before us on appeal.

STANDARD OF REVIEW

Both standing to sue and governmental immunity are issues of the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (standing is a component of subject-matter jurisdiction); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004) (governmental immunity from suit implicates trial court's subject matter jurisdiction). Subject-matter jurisdiction is never presumed and cannot be waived. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44. Whether a court has subject-matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226.

We review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Town of Fairview v. Lawler*, 252 S.W.3d 853, 856 (Tex. App.—Dallas 2008, no pet.). When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has

alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. This standard mirrors the summary judgment standard under rule 166a(c), Texas Rules of Civil Procedure, and places the burden on the plaintiff to allege facts that affirmatively demonstrate the trial court's jurisdiction. *City of Dallas v. Hughes*, 344 S.W.3d 549, 553 (Tex. App.—Dallas 2011, no pet.) (citing *Miranda*, 133 S.W.3d at 227–28). Once the plaintiff has done so, the government entity must meet the summary judgment standard of proof to support its contention that the trial court lacks subject-matter jurisdiction. *Id.* The plaintiff must then show that a disputed fact issue exists. *Id.* If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issue, we determine the plea as a matter of law. *Id.* (citing *Miranda*, 133 S.W.3d at 228).

## DISCUSSION

### I.     The Operation of DFW Airport is a Governmental Function as a Matter of Law

In her first issue, Torres contends the trial court "erred or abused its discretion" in granting DFW's plea to the jurisdiction. She argues that by providing evidence in response to DFW's plea to the jurisdiction, she created a fact issue, obligating the trial court to deny the plea.

DFW is a special purpose governmental entity. *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 427 S.W.3d 547, 458 (Tex. App.—Dallas 2014, pet. denied). That status affords it governmental immunity as a matter of law, precluding the existence of the fact issue Torres alleges. *See Dallas/Fort Worth Int'l Airport Bd. v. Vizant Techs., LLC,* 576 S.W. 362, 367 (Tex. 2019). We conclude Torres has not demonstrated error that would allow jurisdiction over DFW. *See id.* We overrule Torres's first issue.

Torres's second, third, and fourth issues argue that DFW waived its immunity in this case. In her second issue, Torres contends governmental immunity is not applicable in this case because DFW was performing proprietary rather than government functions. She directs us to section 101.0215(a) of the Texas Tort Claims Act, which she contends provides a basis for waiver. However, the Texas Supreme Court has held the functions enumerated under section 101.0215(a) of the Tort Claims Act are governmental functions as a matter of law. *See City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 777 (Tex. 2006). The legislature has declared that the "maintenance, operation, [and] regulation" of an airport and the "exercise of any other power granted" for that purpose, whether exercised "severally or jointly" by local governments, "are public and governmental functions, exercised for a public purpose, and matters of public necessity." *Vizant Techs.,* 576 S.W. at 367; TEX. TRANSP. CODE § 22.002(a); *see also* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(10) (listing "airports" as a governmental function under the Tort Claims Act). Because the operation of DFW Airport is a governmental function as a matter of law, immunity applies.

Torres argues that, "sovereign immunity is waived for adjudicating a claim for breach of contract" under TEX. LOC. GOV'T CODE § 271.152. Although section 271.152 provides for the waiver of immunity in certain cases, that waiver is not absolute. Under section 271.152, the waiver of immunity is "subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE § 271.152; *Zachry Constr. Corp. v. Port of Houston Auth. Of Harris Cty.*, 449 S.W.3d 98, 108 (Tex. 2014). The waiver applies only to (1) "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity," and (2) limits damages to amounts due "under the contract" plus attorney fees and interest. *See* TEX. LOC. GOV'T CODE §§ 271.151(2)(A), 271.153(a)(1). Crucially, Torres did not contract with DFW. Her pleadings demonstrate that DFW

contracted with POE, but it did not contract with Torres. Accordingly, Torres cannot enforce the waiver found in section 271.152.

Within her second issue, Torres also alleges DFW is liable to her for its "failure to comply with Texas Open Meetings Act [sic], Public Information Act [sic], Texas Commission on Human Rights Act [sic], Texas Local Government Code chapters 252, 2156 and 252 [sic], Prompt Pay Act [sic]." These claims were not contained in Torres's 2nd Amended Counterclaim. Accordingly, they are not properly before this Court and thus leave nothing for our review.

We overrule Torres's second issue.

In her third issue, Torres contends DFW waived immunity under section 101.0215 and is liable for "damages arising from proprietary functions such as DFW's issuance of contract to POE for staffing services." As discussed *supra*, this is incorrect, as DFW's actions at issue are governmental functions as a matter of law. *See Vizant Techs.,* 576 S.W. at 367. We overrule Torres's third issue.

In her fourth issue, Torres asks this Court to consider whether DFW waived its immunity by "issuing contract while violating or potentially violating: TOMA, PIA, Texas Gov't Code Chapter 252, Affordable Care Act, Family Medical Leave Act, its Business Ethics Policy and/or SBE/W/M/DBE Vendor Program?" These claims were not raised before the trial court. Accordingly, we may not consider them. *See* TEX. R. APP. P. 33.1. We overrule Torres's fourth issue.

II.     Uniform Declaratory Judgments Act

In her fifth issue, Torres argues she is entitled to a remedy under the Uniform Declaratory Judgments Act. Torres's Second Amended Counterclaim did not seek declaratory judgment against DFW, leaving us nothing to review on this point. *See* TEX. R. APP. P. 33.1. We overrule Torres's fifth issue.

III.     Stay of Proceedings

In her sixth issue, Torres contends DFW's "appeal to the jurisdiction" stayed all proceedings and that the trial court erred by continuing to issue orders. She also makes additional arguments discussing those orders. These arguments are outside the scope of what this Court requested Torres brief in this appeal. Moreover, she has included no authority or record citation in support of her questions. We therefore need not address Torres's arguments concerning other orders. We overrule Torres's sixth issue.

## CONCLUSION

We affirm the trial court's grant of DFW's plea to the jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

180675F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUTH TORRES, Appellant

No. 05-18-00675-CV     V.

DALLAS/FT WORTH INTERNATIONAL
AIRPORT, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-08711.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DALLAS/FT WORTH INTERNATIONAL AIRPORT
recover its costs of this appeal from appellant RUTH TORRES.

Judgment entered this 29th day of August, 2019.